UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60221-WPD

OJ COMMERCE LLC,

      Plaintiffs,

v.

THE NOCO COMPANY,

      Defendants,

_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

THIS CAUSE is before the Court on Defendant's Motion to Transfer or Dismiss [DE 8], filed herein on February 24, 2020. The Court has carefully considered the Motion [DE 8], the Response [DE 9], the Reply [DE 15], the record in this case, and is otherwise fully advised in the premises. The Court finds that transfer to the Northern District of Ohio is appropriate.

**I.     Background**

Plaintiff in this case is OJ COMMERCE LLC ("OJC"), a citizen of Florida. Compl. ¶ 1 [DE 1]. Defendant is THE NOCO COMPANY ("NOCO"), a citizen of Ohio. Compl. ¶ 2. On or about May 29, 2019, NOCO notified OJC that NOCO believed OJC was selling NOCO products without proper authorization. Beginning on October 2, 2019, NOCO filed at least eight claims with Amazon, requesting Amazon investigate OJC and its sales for inauthenticity and counterfeiting. Compl. ¶ 19–27. Amazon subsequently investigated OJC and requested proof of the authenticity of OJC's products. Also, on October 2, 2019, NOCO filed suit against OJC in the United States District Court for the Northern District of Ohio based on OJC's alleged unauthorized sale of NOCO products ("The Ohio case"). On February 2, 2020, Amazon suspended OJC's account. Compl. ¶ 34.

On February 2, 2020, OJC filed the instant case alleging NOCO knowingly made false claims to Amazon. Compl. ¶ 28.  Based on the allegedly false claims made to Amazon, Plaintiff brings claims against Defendant NOCO for violation of the Lanham Act, 15 U.S.C. § 1125, defamation, tortious interference with a business relationship, and under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201. Compl. ¶¶ 39–62.

With the instant Motion, Defendant NOCO seeks to have this case transferred to the Northern District of Ohio under 28 U.S.C. § 1406(b) [DE 8]. The Court finds that transfer is appropriate under § 1406, or alternatively under the first-to-file rule.

## II.    Discussion

### a.   28 U.S.C. § 1406

Under 28 U.S.C. § 1406, if venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). OJC contends venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Compl. ¶ 6. OJC relies on the reporting of a Southern District of Florida resident to Amazon for investigation as an event sufficient to establish venue in the Southern District of Florida as proper. [DE 9]. OJC claims that because the Southern District of Florida is where the injured party resides, where Amazon has a distribution center, and where the defamatory statements were published, venue is proper.

NOCO argues venue is improper in the instant case because the events giving rise to the suit occurred outside of the Southern District of Florida. [DE 8]. NOCO asserts the alleged defamatory statements were not published in this district. NOCO contends the statements were communicated privately from NOCO's headquarters in Ohio to Amazon's headquarters in

Washington and never made publicly available in this district by NOCO. [DE 15]. Thus, NOCO contends that transfer or dismissal is proper under § 1406(a).

Under 28 U.S.C. 1391(b)(2), venue is proper in a judicial district in which "in which a substantial part of the events or omissions giving rise to the claim occurred." The Eleventh Circuit has stated that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)). *See also Greiser v. Drinkard*, No. 17-60975-CIV, 2017 WL 7788165, at *1 (S.D. Fla. Dec. 8, 2017); *Silver v. Karp*, No. 14-80447-CIV, 2014 WL 4248227, at *2–3 (S.D. Fla. Aug. 27, 2014).Further, the Court is to focus its analysis on "those acts and omissions that have a close nexus to the wrong." *See Jenkins*, 321 F.3d at 1372. "The plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, l92 Fed. App'x 81l, 817 (1lth Cir. 2006). If venue is found to be improper, the decision to transfer or dismiss is within the Court's discretion. *Roofing v. Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982); *Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, at *1 (11th Cir. Aug.5, 2011).

The court finds OJC has not met its burden, and NOCO's contentions are persuasive. Plaintiffs have not sufficiently tied an event, omission, or publication to this district. Plaintiff has not alleged that the relevant statements were published in the Southern District of Florida nor that the statements were made publicly available in this district; *Cf. Tobinick v. Novella,* CASE NO. 9:14-CV-80781, 2015 WL 328236, at *5 (S.D. Fla. Jan. 23, 2015) (finding venue to be proper in a defamation case where the allegedly defamatory content was accessible and accessed in the court's district).  It is not clear that Amazon's distribution center in this district has any connection to this action. Plaintiff's presence in this district alone does not suffice to establish

venue as proper. *Cf. Id.* Defendant is a resident of Ohio and is not a resident of this District. A substantial part of the events or omissions giving rise to the claims did not occur in Florida. Therefore, venue is improper.

This suit could have been brought in the Northern District of Ohio because venue is proper in the Northern District of Ohio under 28 U.S.C. section 1391(b)(1), as it is "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Thus, in the interest of justice, transfer to the Northern District of Ohio is proper.

b. The First Filed Rule

Alternatively, the Court finds that transfer is warranted under the first to file rule. The federal first to file rule permits a district court to decline jurisdiction over an action when a complaint involving overlapping parties and issues has already been filed in another district. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Carl v. Republic Security Bank*, 2002 WL 32167730 *3 (S.D. Fla. Jan. 22, 2002); *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997). This rule requires the latter case to be dismissed or transferred in favor of the jurisdiction of the district with the first-filed case. *Manuel*, 430 F.3d at 1135; *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

"The 'first to file' rule is grounded in principles of comity and sound judicial administration. 'The federal courts have long recognized that the principle of comity requires federal district courts - - courts of coordinate jurisdiction and equal rank - - to exercise care to avoid interference with each other's affairs' " *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.

1997) (quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).[1] This rule prevents the duplication or waste of judicial resources and prevents conflicting rulings. See e.g. *Id.*; *Supreme Int'l*, 972 F. Supp. at 606. The first filed rule does not require that the parties and issues involved be identical. Only sufficient similarity or substantial overlap is required.  *Manuel*, 430 F.3d at 1135; *Save Power*, 121 F.3d at 950; see also *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

On October 2, 2019, NOCO filed suit against OJC in the United States District Court for the Northern District of Ohio, which predates the instant case filing on February 2, 2020. The parties in the instant case are also parties to the Ohio case. In addition, the issues substantially overlap. NOCO contends that OJC will be required to raise arguments similar or identical to those raised in the complaint in the instant case in the Ohio case.  OJC contends that the two cases have different operative facts because the act of selling is distinguishable from the act of defamation and because intellectual property infringement is distinguishable from counterfeiting. Such distinctions seem to have little consequence on the duplicative drain on judicial resources. Litigating both the instant case and the Ohio case separately drains judicial resources through parallel litigation of many issues, including but not limited to, the validity of NOCO's Amazon report, OJC's products authenticity, the warranties offered by NOCO and OJC, and the relationship between NOCO's report and Amazon's decision to disable OJC's account. Additionally, parallel litigation could result in inconsistency in holdings on these issues.

The party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. See *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

1135 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc.* 675 F.2d at 1174).  Among the compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential lawsuit, files in its home forum, referred to as the anticipatory suit exception.  *Supreme*, 972 F. Supp. at 606. Even where compelling circumstances are present, a court is not required to abandon the first-filed rule; the matter remains one of discretion for the trial court. *See, e.g.*, *Philbert v. Ethicon, Inc.*, No. 04-81101-CIV, 2005 WL 525330, *1 (S.D. Fla. 2005).

In the instant case, OJC has not demonstrated any compelling circumstances that would warrant keeping this related litigation in the Southern District of Florida. OJC has not pled or provided evidence that the Ohio case was brought in anticipation of OJC's suit. No other compelling circumstance to warrant exception to the first-filed rule has been brought before the court. Thus, this court finds transfer to the Northern District of Ohio is also proper under the first to file rule.

**III.     Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant THE NOCO COMPANY's Motion to Transfer or Dismiss [DE 8] is **GRANTED in part.** The Clerk is directed to **TRANSFER** the above-styled case to the Northern District of Ohio. The Clerk shall **CLOSE** the case file in this district and **DENY** any pending motions as moot.

**DONE and ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida the 1st  day of June, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All Counsel of Record

6